**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Jamie Price | : | |
| 1200 Timothy Lane | : | |
| Phoenixville, PA 19460 | : | |
| | : | |
| Plaintiff | : | |
| vs. | : | CIVIL ACTION NO. |
| Starbucks Corporation d/b/a Starbucks | : | |
| Coffee Company | : | |
| 2401 Utah Avenue South | : | **JURY TRIAL DEMANDED** |
| South Seattle, WA 98134 | : | |
| | : | |
| AND | : | |
| | : | |
| Paul Mastropieri | : | |
| 137 St. Andrews Drive | : | |
| Egg Harbor TWP, NJ 08234 | : | |
| | : | |
| Defendants | : | |

_____

**CIVIL ACTION COMPLAINT AND JURY DEMAND**

**I.    PARTIES**

    1.    Plaintiff, Jamie Price, is an adult individual and citizen of the

Commonwealth of Pennsylvania residing therein at 1200 Timothy Lane, Phoenixville, PA 19460

    2.    Defendant, Starbucks Corporation d/b/a Starbucks Coffee Company, was and is

now a business entity, believed to be a corporation, duly organized and existing under the laws of

the State of Washington, with a corporate headquarters and principal place of business located

therein at 2401 Utah Avenue South, South Seattle, WA 98134.  Starbucks is a citizen of

Washington for purposes of diversity jurisdiction.

3.      Defendant, Paul Mastropieri, is an adult individual, who resides at 137 St. Andrews Drive, Egg Harbor Twp, NJ 08234.  Paul Mastropieri is a citizen of New Jersey for purposes of diversity jurisdiction.

4.       At all times relevant hereto, the Defendants, and each of them, acted by and through its agents, servants, employees, workmen and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same and under the direct control of Defendant.

## II.      JURISDICTION AND VENUE

5.      Jurisdiction is conferred upon this Court by virtue of the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332.

6.      The amount in controversy in this action is in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), exclusive of costs and fees.

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the district.

## III.     STATEMENT OF CLAIMS

8.       At all times material herein, the Defendants, and each of them, acted by and through their agents, servants, workmen, employees and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same.

9.      On or about January 4, 2011, the Defendants, and each of them, acted by and through their agents, servants, workmen, employees and/or other representatives, acting in the course and scope of their employment with the defendant, owned, operated, controlled, leased, inspected, possessed, managed and maintained the property located at 218 East Lancaster Avenue, Wayne, PA 19087.

10.     On or about January 4, 2011, and for a long time prior thereto, it was the duty of the defendants, and each of them, by and through their respective agents, servants, workmen and/or other employees, to keep and maintain defendants' premises in a reasonably safe condition for persons lawfully upon the premises, such as the plaintiff, Jamie Price.

**COUNT I**
**JAMIE PRICE v. STARBUCKS CORPORATION d/b/a STARBUCKS**
**COFFEE COMPANY**
**NEGLIGENCE**

11.     Plaintiff hereby incorporates by reference paragraphs one (1) through ten (10) of the within Complaint, as thought the same were fully set forth at length herein.

12.     On or about January 4, 2011, the Plaintiff was attempting to traverse the parking lot of the property located at 218 East Lancaster Avenue, Wayne, PA 19087, when, suddenly and without warning, and as a direct result of the defective and/or dangerous condition of said parking lot, the Plaintiff slipped on ice and fell forward, thereby causing the Plaintiff to sustain various severe and permanent bodily injuries, scarring and losses more fully set forth herein.

13.     The incident described in the preceding paragraphs of the within Complaint was caused by the negligence and carelessness of the Defendant, Starbucks Corporation d/b/a Starbucks Coffee Company, by and through its agents, servants, workmen, employees and/or other representatives, acting within the course and scope of their agency, employment and/or service, and was in no manner due to any act or failure to act on the part of the Plaintiff, Jamie Price.

14.     The negligence and carelessness of the Defendant, by and through its agents, servants, workmen, employees and/or other representatives, consisted of the following:

(a)     carelessly and negligently allowing the sidewalk to be kept in a dangerous condition for a prolonged period of time so as to cause injury to the plaintiff, more specifically failing to timely clear ice and snow, failing to timely pre-treat the area for snow and ice melting and failing to chemically treat the area to prevent excess accumulations of ice and/or snow and/or re-icing;

(b)     carelessly and negligently failing to inspect the parking lot in such a manner as to identify defects and prevent potential bodily injury;

(c)     carelessly and negligently failing to recognize the ice and snow on the parking lot which caused plaintiff's fall;

(d)     carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to individuals lawfully walking on the defendant's premises;

(e)     failure to ensure that the sidewalk could be walked upon in a manner which would not cause a danger to potential third parties, such as the plaintiff;

(f)     failing to adequately and timely repair defects to said premises, more specifically failing to clear away ice and snow from the sidewalk;

(g)     failing to properly light said premises;

(h)     failing to correct a dangerous and hazardous condition of which defendant was aware or should have been aware;

(i)     failing to warn people traveling on the property of  the defendant of the aforesaid dangerous condition or conditions;

(j)     otherwise failing to provide a safe place for pedestrians, such as the plaintiff, while traveling on the defendant's premises;

(k)     negligence by virtue of the doctrine of *respondeat superior*;

(l)     negligence by virtue of the doctrine of *res ipsa loquitur;*

15.     As a result of the aforesaid negligence and carelessness of Defendant, Starbucks

Corporation d/b/a Starbucks Coffee Company, suffered permanent and serious bodily injuries

including, but not limited to, cervical disc injury requiring cervical decompression surgery,

broken teeth, cuts on her mouth, injuries to the left knee, injuries to the right shoulder, and

scrapes on the right hand, as well as aches, pains, mental anxiety and anguish, and a severe shock

to her entire nervous system. Plaintiff has in the past and will in the future undergo severe

physical pain and suffering as a result of which she has in the past and will in the future be

unable to engage in her usual activities, all to her great loss and detriment.

16.     Plaintiff has been and will be obliged to receive and undergo medical attention

and care and to expend various sums for the treatment of her injuries and will incur such

expenditures for an indefinite time in the future as a result of the aforesaid negligence of the

Defendant.

17.     In addition, Plaintiff has in the past and may in the future suffer a loss and/or

depreciation of her earnings and/or earning power, and she may incur such loss and/or

depreciation for an indefinite period in the future as a result of the aforesaid negligence of the

Defendant.

18.     Further, by reason of the aforesaid incident, Plaintiff has and/or may hereinafter

incur other financial expenses in an effort to treat and cure herself of the injuries sustained in the

aforesaid incident.

19.     As a result of the Defendant's aforesaid negligence, Plaintiff has or may have

suffered injuries resulting in the serious and/or permanent loss of use of a bodily function,

dismemberment and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

20.    As a further result of the Defendant's aforesaid negligence, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

21.    Plaintiff has also suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future, as a result of the aforesaid incident.

WHEREFORE, Plaintiff, Jamie Price, demands judgment against Defendant, Starbucks Corporation d/b/a Starbucks Coffee Company, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00).  The sum sued upon is in excess of the amount requiring submission to arbitration.

## COUNT II
## JAMIE PRICE v. PAUL MASTROPIERI
## NEGLIGENCE

22.    Plaintiff hereby incorporates by reference paragraphs one (1) through twenty-one (21) of the within Complaint, as thought the same were fully set forth at length herein.

24.    The incident described in the preceding paragraphs of the within Complaint was caused by the negligence and carelessness of the Defendant, Paul Mastropieri, by and through his agents, servants, workmen, employees and/or other representatives, acting within the course and scope of their agency, employment and/or service, and was in no manner due to any act or failure to act on the part of the Plaintiff, Jamie Price.

25.    The negligence and carelessness of the Defendant, by and through his agents, servants, workmen, employees and/or other representatives, consisted of the following:

(a)      carelessly and negligently allowing the sidewalk to be kept in a dangerous condition for a prolonged period of time so as to cause injury to the plaintiff, more specifically failing to timely clear ice and snow, failing to timely pre-treat the area for snow and ice melting and failing to chemically treat the area to prevent excess accumulations of ice and/or snow and/or re-icing;

(b)      carelessly and negligently failing to inspect the parking lot in such a manner as to identify defects and prevent potential bodily injury;

(c)      carelessly and negligently failing to recognize the ice and snow on the parking lot which caused plaintiff's fall;

(d)      carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to individuals lawfully walking on the defendant's premises;

(e)      failure to ensure that the sidewalk could be walked upon in a manner which would not cause a danger to potential third parties, such as the plaintiff;

(f)      failing to adequately and timely repair defects to said premises, more specifically failing to clear away ice and snow from the sidewalk;

(g)      failing to properly light said premises;

(h)      failing to correct a dangerous and hazardous condition of which defendant was aware or should have been aware;

(i)      failing to warn people traveling on the property of  the defendant of the aforesaid dangerous condition or conditions;

(j)      otherwise failing to provide a safe place for pedestrians, such as the plaintiff, while traveling on the defendant's premises;

(k)     negligence by virtue of the doctrine of *respondeat superior*;

(l)     negligence by virtue of the doctrine of *res ipsa loquitur;*

26.     As a result of the aforesaid negligence and carelessness of Defendant, Paul Mastropieri, suffered permanent and serious bodily injuries including, but not limited to, cervical disc injury requiring decompression surgery, broken teeth, cuts on her mouth, injuries to the left knee, injuries to the right shoulder, and scrapes on the right hand, as well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system. Plaintiff has in the past and will in the future undergo severe physical pain and suffering as a result of which she has in the past and will in the future be unable to engage in her usual activities, all to her great loss and detriment.

27.     As a result of the aforesaid negligence and carelessness of Defendant, Paul Mastropieri, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of her injuries and will incur such expenditures for an indefinite time in the future as a result of the aforesaid negligence of the Defendant.

28.     As a further result of the aforesaid negligence and carelessness of Defendant, Paul Mastropieri, Plaintiff has in the past and may in the future suffer a loss and/or depreciation of her earnings and/or earning power, and she may incur such loss and/or depreciation for an indefinite period in the future as a result of the aforesaid negligence of the Defendant.

29.     Further, by reason of the aforesaid incident, Plaintiff has and/or may hereinafter incur other financial expenses in an effort to treat and cure herself of the injuries sustained in the aforesaid incident.

30.     As a further result of the Defendant's aforesaid negligence, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

31.     As a further result of the Defendant's aforesaid negligence, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

32.     Plaintiff has also suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future, as a result of the aforesaid incident.

WHEREFORE, Plaintiff, Jamie Price, demands judgment against Defendant, Paul Mastropieri, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00).  The sum sued upon is in excess of the amount requiring submission to arbitration.


Respectfully,

**SWARTZ CULLETON PC**


BY:     **//Brandon A. Swartz_____**
        Brandon A. Swartz, Esquire
        Attorney for Plaintiff,
        Jamie Price

Date:  February 3, 2012